**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: James M Lyons, | : | Chapter 13 |
| Debtor | : | Case No.: 19-15174-amc |

### DEBTOR'S OBJECTION TO CLAIM 3 BY U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE IGLOO SERIES IV TRUST

COMES NOW Debtor James M Lyons, by and through undersigned counsel, and objects to the proof of claim held by U.S. Bank Trust National Association As Trustee of the Igloo Series IV Trust pursuant to Fed. R. Bankr. P. 3007, and in support thereof respectfully represents the following:

### BACKGROUND

1. Debtor filed a voluntary petition for relief under Chapter 13 of Title 11, United States Code, on August 16, 2019.

2. William C. Miller is the assigned Standing Chapter 13 Trustee.

3. On September 9, 2019, proof of claim no. 3 was filed by Wells Fargo Bank, N.A. The claim purports to be a residential mortgage claim in first position on the real estate owned by Debtor.

4. On November 25, 2019, the claim was transferred by Wells Fargo Bank, N.A. to U.S. Bank Trust National Association As Trustee of the Igloo Series IV Trust.

5. The claim and the notice of transfer are attached hereto as Exhibit A.

### OBJECTION: THE CLAIM INCORRECTLY STATES THE AMOUNT NECESSARY TO CURE DEFAULT

6. Page 4 through 9 of the claim reflect a ledger of the mortgage loan.

7. The combined "principal, interest and escrow" past due balance is reflected at line G, and is stated to be $74,089.51.

1

8. This past due balance does not include pre-petition fees of $4,029.58, reflected at line P.

9. Claimant further adds $1,043.75 due to a projected escrow shortage.

10. The sum of the amounts reflected above in paragraph nos. 7, 8 and 9 total $79,162.84.

11. The sum of the amounts of missed payments of principal, interest, and monthly escrow, along with fees incurred and projected escrow shortage must be equal to the amount necessary to cure default.

12. However, the claim then states that the pre-petition arrears are $91,212.79.

13. The stated total pre-petition arrears in Part 3 are $12,049.95 higher than the claim breakdown reflects.

14. The claim states that the escrow deficiency for funds advanced is $30,240.61 on Part 2. If this is true, the principal and interest arrears in line O must be equal to $43,848.90 because line O is a sum of principal, interest and escrow.

15. However, Part 3 of the claim states that the accrued principal and interest is equal to $55,898.85, which is exactly $12,049.95 more than would be expected as per the calculation set forth in paragraph no. 14 above.

WHEREFORE, Debtor objects to Claim 3 held by U.S. Bank Trust National Association As Trustee of the Igloo Series IV Trust on grounds that the claim miscalculates the amount necessary to cure any default as of the date of the petition by $12,049.95

**ROSS, QUINN & PLOPPERT, P.C.**

BY: */s/ Joseph Quinn*
Joseph Quinn, Esquire
192 S. Hanover Street, Suite 101
Pottstown, PA  19464
T: (610) 323-5300
F: (610) 323-6081
JQuinn@rqplaw.com

Date: April 27, 2020

2